## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BRADLEY ERHART, | ) Case No. 1:21-cv-1829-TWP-TAB |
| Plaintiff | ) |
| v. | ) |
| NANCY ERHART, | ) |
| Defendant. | ) |

## ANSWER TO PLAINTIFF'S COMPLAINT

Comes Now Defendant/Trustee of the Mary E. Catron Revocable Living Trust (hereinafter "Trust") Nancy Erhart, by her attorney, Phillip C. Smith, with her answer to Plaintiff's Complaint states:

1. Defendant admits allegations contained in rhetorical paragraphs 1A (Line 16) and 1B (Line 17) of Plaintiff's Complaint.

2. Defendant denies the allegation contained in rhetorical paragraph 1C (lines 18 - 20).

3. Defendant admits the allegations contained in rhetorical paragraph 2 of Plaintiff's Complaint (Lines 21 - 33).

4. Defendant denies the allegation contained in rhetorical paragraph 3 (lines 34 - 37). Plaintiff has known of the Trust since before the Grantor died

in February, 2010.  Defendant, Nancy Erhart became the Successor Trustee upon the death of Grantor/Trustee Mary E. Catron.

5. Defendant is without sufficient information to admit or deny the allegations contained in rhetorical paragraph 3 of Plaintiff's Complaint (Line 38).

6. Defendant denies the allegations contained in rhetorical paragraph 3 of Plaintiff's Complaint (Line 39).  No attorney has refused to assist with terminating the Trust.

7. Defendant is without sufficient information to admit or deny the allegations contained in rhetorical paragraph 3 of Plaintiff's Complaint (Lines 40 - 50 ).

8. Defendant admits that she is the Successor Trustee (Line 51).

9. Defendant denies the allegations contained in rhetorical paragraph 3 of Plaintiff's Complaint (Lines 54 - 64).

10. Defendant denies the allegations contained in rhetorical paragraph 4 of Plaintiff's Complaint (Lines 65 - 73).

11. Defendant admits there is no contest clause to the Trust, but denies that enforcing the no contest clause would provide Plaintiff with any real property (Line 74 - 75).

WHEREFORE, Defendant Nancy Erhart prays this Court deny Plaintiff's Complaint in full; that the Curt will hold that the Plaintiff will take

nothing by way of his Complaint, and for all that is right in these premises.

/S/Phillip C. Smith  
Phillip C. Smith (Atty. No. 21830-84)  
2901 Ohio Boulevard, Suite 124  
Terre Haute, IN 47803  
(812) 244-0761  
Phillip.Smith@WabashValleyLawyer.com

AFFIRMATIVE DEFENSES

Comes Now Defendant Nancy Erhart, by her attorney, Phillip C. Smith, with her affirmative defenses:

1. **Lack of Jurisdiction of this Court.**

One of the requirements for this Court to have jurisdiction is that the amount in controversy must exceed $75,000. If Plaintiff's interest in the Trust does not meet or exceed $75,000, then Plaintiff's Complaint must fail because this Court does not have jurisdiction. Plaintiff claims to be a beneficiary under the Trust with his portion of the Trust's value being in excess of $400,000. Under the Second Amendment to the Trust, dated December 30, 2003, Plaintiff is entitled to a **gift** of $25,000, which **gift** "shall lapse in the event Grantor makes the same or similar gift during her lifetime." Regardless of whether or not this gift has lapsed there is no provision in this statement of gift for any increase due to positive trust income or investment income. Indiana Code (IC) 30-2-14-2(2) defines "beneficiary" under the Trust Code. Plaintiff is not a

beneficiary of the Trust as defined by IC 03-2-14-2(2) as he has no income nor residuary beneficial interest.  The gift mentioned above aside, Plaintiff has at best a discretionary interest as defined in IC 30-4-2.1-14 and IC 30-4-2.1-14.5.  Plaintiff has a one quarter interest in proceeds from the sale of a farm **if the farm is sold.**  However, the Trustee has the sole discretionary right to determine **if and/or when** the farm is to be sold.  Should the farm not be sold then the farm is part of the residue of the Trust and thus it would go to the residuary beneficiary (not the Plaintiff!).  Moreover,  IC 30-4-2.1-14(a)(1) states that "a discretionary interest is a mere expectancy that is that is neither a property interest nor an enforceable right."  Plaintiff is entitled, at best, to the $25,000 **gift** (assuming it has not lapsed) and even if one claimed that the Successor Trustee (the Defendant) was required to invest the $25,000 for the benefit of Plaintiff, then in order for $25,000 reach the $75,000 amount in controversy threshold, the 11 year compound return would be forced to exceed 10.5%.  According to Roger G. Ibbotson's and  Rex A. Sinquefield's study (The Journal of Business, Vol. 49, No. 1, pp 11-47, University of Chicago Press) the long-term compound return for investments in the stock market is 8.5%.  Later studies by Ibbotson and Sinquefield revised their estimate of long-term gains to a compound 9.9%.  However, other financial analysts and economists that have studied the markets have concluded that even a longterm compound return of 8.5% is overly generous.  To be specific, the point is that in order for an

assumed $25,000 investment to grow to $75,000 in an 11 year period would require overly risky behavior on the part of the investor. For a trustee, especially a non-professional trustee of a trust to gain the required amount of investment income so to even meet the amount in controversy threshold would require the trustee to engage in longterm investing behavior that would be putting the funds at unnecessary risk and thus there would be a breach of fiduciary duty on the part of the trustee. IC 30-4-3-6(b)(1) requires the trustee to follow the "Prudent Investor Rule". Lacking a breach of fiduciary duty (i.e. violation of the Prudent Investor Rule) **by seeking too much risk** (which Plaintiff is not claiming) Plaintiff fails to meet the amount in controversy requirement for a case to be heard by this Court. Hence this Court has no jurisdiction on this matter and this cause of action should be dismissed.

*2.* **No Contest Clause As A Bar To The Complaint.**

*In arguendo,* if the Court chooses to accept Plaintiff's assertion that the amount in controversy is in excess of $75,000 and that Plaintiff is a beneficiary of the Trust, then Article XIV of the Trust provides what is commonly called a 'no contest provision'. Said no contest provision states:

> In the event that any beneficiary under this trust shall, singly or in conjunction with any other person or persons, contest in any court the validity of this trust or of the Grantor's Last Will or shall seek to obtain an adjudication in any proceeding in any court that this trust or any of its provisions, or that such Will or any of its provisions, is void, or seek otherwise to void, nullify, or

set aside this trust or any of its provisions, then the right of that person to take any interest given to him by this trust shall be determined as it would have been determined had the person predeceased the execution of this Trust Agreement. The Trustee is authorized to defend, at the expense of the trust estate, any contest or other attack of any nature on this trust or any of its provisions.

By attempting to void part of the Trust or any of its provisions by the terms of the Trust's Article XIV (the no contest clause) Plaintiff should be treated as having predeceased the Trust. Therefore Plaintiff would not be entitled to any interest in the Trust--not his $25,000 gift nor his "discretionary interest" assuming the farm was sold.  IC 30-4-2.1-3(a) provides that no contest provisions are enforceable according to the express terms of the no contest provision.  Thus, Plaintiff's Complaint should fail; this cause of action should be dismissed, and Plaintiff should take nothing by way of his complaint.  Counsel for the Defendant takes this opportunity to remind the Court that Line 50 of Plaintiff's Complaint states that "Plaintiff was able to secure a **full copy** [emphasis added] of the Will and Trust from Sarah Erhart on May 26."  The no contest provision of the Trust was quoted in full above. Furthermore, Plaintiff's Complaint lines 63 and 64 state "Plaintiff makes it know that he does not believe that Nancy Erhart, as current Successor Trustee, is entitled to use any Trust

property to defend this claim per the Trust." Clearly the no contest provision authorizes Trustee Erhart to do just that!

3. **Third Amendment To The Trust Bars The Complaint**.

The Trust was amended for a third time on January 19, 2004. This Third Amendment specifically puts any funds due to any of Grantor's grandchildren (Plaintiff Bradley C. Erhart, Sarah E. Erhart, and Justin C. Erhart) solely in the hands of the Trustee. This amendment states:

> Nancy is to be in charge of the grandchildren's money till she thinks they can handle the responsibility.

Under the Third Amendment to the Trust, Nancy, the Trustee/Defendant is in charge of what funds, if any, are Plaintiff's until such time as she (the Trustee) determines that the Plaintiff can handle the funds responsibly. There is no compelling interest to reform the Trust, therefore Plaintiff has failed to state a claim upon which this Court may act. Hence Plaintiff's Complaint should fail and the cause of action dismissed.

## CERTIFICATE OF SERVICE

I, Phillip C. Smith, an attorney, hereby certified that a true and correct copy of the above and foregoing document was electronically filed on August 10, 2021, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties and attorneys of record.

/s/Phillip C. Smith

Phillip C. Smith Atty. No. 21830-84
Corporate Square
2901 Ohio Boulevard, Suite 124
Terre Haute, IN 47803-2239
(812) 244-0761
Phillip.Smith@WabashValleyLawyer.com
Counsel for Defendant Nancy Erhart