UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BRADLEY ERHART, | ) Case No. 1:21-cv-1829-TWP-TAB |
|     Plaintiff | ) |
|     v. | ) |
| NANCY ERHART, | ) |
|     Defendant. | ) |

CASE MANAGEMENT PLAN

I. **Parties and Representatives**

    A.    Plaintiff:    Bradley Erhart
                                16506 SE 29th Street, Apt. 51
                                Vancouver, WA 98683
                                971-319-2723
                                bravoed_basichromatin@aleeas.com
                                *Pro se*

    B.    Defendant:  Nancy Erhart
                                  384 E. County Road 500 S
                                New Castle, IN 47362
                                765-686-2316
                                nerhart1953@gmail.com
                                Counsel:    Phillip C. Smith
                                                      2901 Ohio Boulevard, Suite 124
                                                      Terre Haute, IN 47803
                                                     812-244-0761
                                                   Phillip.Smith@WabashValleyLawyer.com

Counsel will promptly file a notice with the Clerk if there is any change in this information.

II. **Jurisdiction and Statement of Claims**

    A.    The parties shall state the basis for subject matter jurisdiction. If there is disagreement, each party shall state its position.

        1. Currently there is diversity of citizenship between the Plaintiff (Washington) and Defendant (Indiana), and the situs of the Trust (The Mary E. Catron Revocable Living Trust) is the State of Indiana. However, Plaintiff has stated: "Plaintiff would like clarification from current non-party, Sarah Erhart, and the court if Sarah plans to

   relinquish all her rights as a beneficiary. Although Sarah said she does not want anything per text message, if Sarah is not prepared to do so Plaintiff would like to request that she either be added as an involuntary plaintiff or to add Sarah as a Defendant." To date Plaintiff has made no filing with the Court requesting that that Sarah Erhart be added to this cause of acton in any capacity.  Sarah Erhart is a resident of the State of Washington.

  2. Plaintiff states the amount in controversy that exceeds $75,000.

  3. Defendant does not believe that the amount in controversy meets or exceed $75,000.

B. Statement of Claim:  Plaintiff asserts that he is an income beneficiary of the Mary E. Catron Revocable Living Trust (non revocable with the death of the Settlor on February 22, 2010); that the Trust is governed by the laws of the State of Indiana and the "Uniform Principal and Income Act".  That he has only recently (circa April 10, 2021) learned that he was a beneficiary under the Trust.  That he has been denied his benefits as a beneficiary under the Trust, and that the Successor Trustee (Defendant herein) has breached her fiduciary duties "by self-dealing; commingling her personal assets with that of the Trust; not keeping records; not notify Plaintiff that he was a beneficiary to the Trust, nor providing annual accounting per the Trust; and failing to pay, or reserve amounts payable in which he was due a distribution of $25,000, accumulated income, and failing to present the opportunity for Plaintiff to buy the farm and ensure that the farm would be equally divided in sale before making distributions to herself."

C. Defendant's Response to the Statement of Claims:  Plaintiff is not an income beneficiary of the Trust as defined by I.C. 30-2-14-5; Plaintiff has never identified where in the Trust it states that he is entitled to any income of the Trust.  Furthermore there is no verbiage anywhere in the Trust that states any beneficiary (other that the Successor Trustee in her role as a beneficiary) is to receive any portion of the income of the trust.  Because Plaintiff is not an income beneficiary to the Trust he is not entitled to any annual accountings.  As to the $25,000 gift that Plaintiff is claiming, there is provision in the Trust for a lapsable gift of $25,000.  Plaintiff has no factual basis to support his statement that the Trust has no funds available to fully fund the $25,000 gift if it has not lapsed.  As to Plaintiff's claim that Defendant failed to present him the opportunity to purchase the farm the Trust's Second Amendment states his rights in this manner:

*Revision Date:  September 7, 2018*

> The farm may be purchased at the fair market value as farmland, should Nancy E. Erhart, Justin C. Erhart, Bradly C. Erhart, and/or Sarah E. Erhart set forth below choose to purchase said real estate.
>
> In the event the farmland is sold the proceeds shall be divided in one-fourth (1/4) equal shares to Nancy E. Erhart, Justin C. Erhart, Bradley C. Erhart, and Sarah E. Erhart.

Defendant denies that she has denied Plaintiff Bradley C. Erhart the opportunity to purchase said farm as he has made no *bona fide* offer to purchase said farm land.  Moreover, that second paragraph quoted above does not state that the land must or should be sold, it merely states that **if there is a sale how the proceeds of such a sale are to be distributed**.  Plaintiff's interest in any funds from the sale of the farm is thus a contingent interest more akin to a discretionary interest as defined under IC 30-4-2.1-14.5 than to an income interest.  IC 30-4-2.1-14-A(1) states "A discretionary interest is a mere expectancy that is neither a property interest nor an enforceable right."   Plaintiff's claims about self-dealing and comingling of assets fail in that Defendant is the sole income beneficiary of the Trust and furthermore under Article IV, Paragraph D she is the sole residual beneficiary of the Trust.  Finally the text of the Trust also gives the Defendant in her role of Successor Trustee the right to use the Trust property (she lives in the residence on the farmland).

### III.   Pretrial Pleadings and Disclosures

A.   The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before Friday, **December 10, 2021.**   [no later than 4 months from Anchor Date]. [Note: Fed. R. Civ. P. 26(a)(1)(E) permits the parties to object to making initial disclosures or to stipulate to a different deadline for making such disclosures based upon the circumstances of the action. If any objection and/or stipulation is made to initial disclosures in the CMP, the parties shall briefly state the circumstances justifying their respective positions.]

B.   Plaintiff(s) shall file preliminary witness and exhibit lists on or before Friday, **December 17, 2021** [no later than 7 days after initial disclosures are served].

Revision Date:  September 7, 2018

C. Defendant(s) shall file preliminary witness and exhibit lists on or before Monday, **December 27, 2021** as December 24, 2021 is a holiday. [no later than 14 days after initial disclosures are served].

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before Monday, **January 10, 2022** [no later than 5 months from Anchor Date].

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before Monday, **January 10, 2022**. [no later than 5 months from the Anchor Date]. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before Wednesday, **August 10, 2022 .**[no later than 12 months from Anchor Date]. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before Monday, **September 12, 2022** as September 10, 2022 is a Saturday. [30 days after Plaintiff(s) serves its expert witness disclosure]; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **September 12, 2022.** [no later than 13 months from Anchor Date].

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before January 12, 2023. [no later than 120 days prior to the proposed trial month]. Any party who

wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before Tuesday, **October 11, 2022** as October 10, 2022 is a holiday. [no later than 14 months from Anchor Date].  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. Discovery of electronically stored information ("ESI").  If either party is seeking the production of a substantial volume of ESI, then complete the ESI Supplement to the Report of the Parties' Planning Meeting (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege

5

      log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

### IV.    Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

    A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?  If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

Yes, Defendant expects she shall file a motion to dismiss for the lack of subject matter  jurisdiction.  Defendant expects that she shall raise a summary judgment motion on the basis that:  Plaintiff is not entitled to the redress sought as the basis of his claims is that he is an income beneficiary which he is not.

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

6

*Revision Date:  September 7, 2018*

[Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient.  Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive motion.  However, the failure to set forth a basis for a dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.]

B. On or before **December 17, 2022** [no later than 7 days after the non-expert discovery deadline], and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

_____ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by December 10, 2022 [no later than 16 months from Anchor Date].  [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

\_\_**X**\_\_\_ Track 2: Dispositive motions are expected and shall be filed by Friday, **August 10, 2022.**  [no later than 11-12 months from Anchor Date]; non-expert witness discovery and discovery relating to liability issues shall be completed by **June 10, 2022.**  [no later than 10 months from Anchor Date]; expert witness discovery and discovery relating to damages shall be completed by  Thursday, **November 11, 2022**. [no later than 15 months from Anchor Date]. All remaining discovery shall be completed by no later than 16 months from Anchor Date.  [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

_____ Track 3: Dispositive motions shall be filed by  **September 10, 2022.** [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____.  [Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1 and 2 are appropriate in

7

the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V.   **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in  November, 2022.  [month/year].**

VI.  **Trial Date**

The parties request a trial date in **February 2023.**[month/year]. The trial is by **Court** [Court or jury] and is anticipated to take **one (1) day.** Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

VII. **Referral to Magistrate Judge**

A.   **Case**. At this time, all parties **DO** [do/do not] consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial. [This section should be marked in the affirmative only if all parties consent. Do not indicate if some parties consent and some do not. Indicating the parties' consent in this paragraph may result in this matter being referred to the currently assigned Magistrate Judge for all further proceedings, including trial. It is not necessary to file a separate consent. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

  B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII.** <u>**Required Pre-Trial Preparation**</u>

  A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

    1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

    2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

    3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

    4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

      a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

      b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a

9

*Revision Date: September 7, 2018*

     video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

*Revision Date: September 7, 2018*

IX.     **Other Matters**

**None at this time.**

[Insert any other matters any party believes should be brought to the Court's attention]


Submitted by:

/s/Phillip C. Smith_____
Phillip C. Smith (Atty No. 21830-84)
2901 Ohio Boulevard, Suite 124
Terre Haute, IN 47803
(812) 244-0761
Phillip.Smith@WabashValleyLawyer.com



## CERTIFICATE OF SERVICE

I, Phillip C. Smith, an attorney, hereby certified that a true and correct copy of the above and foregoing document was electronically filed on September 20, 2021, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties and  attorneys of record.

I further certify that I have sent a copy of the foregoing document to Bradley Erhart via the email address he has provided to the Court and to me at

bravoed_basichromatin@aleeas.com


/s/Phillip C. Smith

Phillip C. Smith Atty. No. 21830-84
Corporate Square
2901 Ohio Boulevard, Suite 124
Terre Haute, IN 47803-2239
(812) 244-0761
Phillip.Smith@WabashValleyLawyer.com
Counsel for Defendant Nancy Erhart

11

*Revision Date:  September 7, 2018*

**CASE MANAGEMENT PLAN ORDER**

___X_____   PLAINTIFF APPEARED IN PERSON AND DEFENDANT APPEARED BY COUNSEL ON SEPTEMBER 27, 2021, FOR A TELEPHONIC INITIAL PRETRIAL CONFERENCE.

___X_____   APPROVED AS SUBMITTED.

_____   APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____   APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____   THIS MATTER IS SET FOR TRIAL BY _____ ON _____ _____.  FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____.

___X_____   A STATUS CONFERENCE IS SET IN THIS CASE IN REGARD TO CASE STATUS AND SETTLEMENT FOR FEBRUARY 24, 2022, AT 2 P.M.  COUNSEL SHALL APPEAR:

   ___X_____   BY TELEPHONE.  THE INFORMATION NEEDED BY COUNSEL OF RECORD TO PARTICIPATE IN THIS TELEPHONIC CONFERENCE WILL BE PROVIDED BY SEPARATE NOTIFICATION.

___X_____   LIABILITY DISCOVERY SHALL BE COMPLETED BY JUNE 10, 2022.

___X_____   DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN AUGUST 10, 2022.

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

Dated: 9/29/2021

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

All ECF-registered counsel of record via email

BRADLEY ERHART
16506 SE 29th Street
Apartment 51
Vancouver, WA 98683