UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADLEY ERHART, | |
| Plaintiff | |
| v. | Case No.: 1:21-cv-1829-TWP-TAB |
| NANCY ERHART, | |
| Defendant. | |

## FIRST AMENDED COMPLAINT

Bradley Erhart files this Amended Complaint for damages against Defendant Nancy Erhart, and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     Bradley Erhart is an individual and citizen of the State of Washington.

2.     Nancy Erhart is an individual and citizen of the State of Indiana.

3.     Nancy is Bradley's mother.

4.     This Court has general personal jurisdiction over Nancy because she is a citizen of and domiciled in the State of Indiana.

5.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship amongst the parties and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.     Pursuant to 28 U.S.C. § 1391, venue is proper in this District because a substantial part of the events giving rise to this action occurred in this District, and a substantial part of the property that is the subject of this action is situated in this District.

## FACTUAL ALLEGATIONS

7.    Mary E. Catron was Nancy's mother and Bradley's grandmother. She passed away on February 22, 2010.

8.    Prior to her death, Mary Catron established the Mary E. Catron Revocable Living Trust, dated February 7, 2001 (the "Trust"), as amended, of which both Nancy and Bradley are beneficiaries. A true and accurate copy of the Trust is attached as <u>Exhibit A</u>.

9.    Nancy has served as successor Trustee to the Trust since at least Mary Catron's death.

10.    Mary Catron also executed a Last Will and Testament on February 7, 2001 (the "Will"), which directs her personal representative to bequeath her personal belongings and residue estate to the Trustee of the Trust, to be administered in accordance with the Trust's provisions. A true and accurate copy of the Will is attached as <u>Exhibit B</u>.

11.    Nancy was also designated as Personal Representative in the Will.

12.    In March 2010, Nancy filed a Petition for Probate of Self-Proved Will and No Administration in Henry Circuit Court 1, under cause number 33C01-1003-EM-000016.

**<u>Trust Assets</u>**

13.    At the time of Mary Catron's death, she owned three parcels of land (collectively, the "Farmland"), one of which was held in the name of her Trust, and two which, upon information and belief, were held individually:

| OWNER | ADDRESS | PARCEL NO. |
|---|---|---|
| Mary E. Catron | 384 E. County Road 500 S Newcastle, IN 47362 | 33-17-02-000-405.000-007 |
| Nancy E. Erhart, Successor Trustee to the Mary E. Catron Revocable Living Trust | 384 E. County Road 500 S Newcastle, IN 47362 | 33-17-02-000-401.000-007 |
| Mary E. Catron | 384 E. County Road 500 S | 33-17-02-000-402.000-007 |

| | Newcastle, IN 47362 | |
|---|---|---|

14.     The 2021 appraised value for the Farmland (for tax purposes) is in excess of $250,000.

15.     Pursuant to the terms of her probated Will, the two parcels owned individually should have been transferred to the Trust.  Upon information and belief, these two parcels have not been transferred to the Trust.

16.     Mary Catron or her Trust also held bank accounts at Star Financial Bank.

17.     There may have been additional probate or Trust assets, however no accounting was provided to Bradley.

18.     Upon Mary Catron's death, the Trust assets were to be distributed as follows:

   a.  First, Bradley, and his siblings Justin C. Erhart and Sarah E. Erhart, were each to receive specific gifts in the amount of $25,000. Trust Art. IV(C).

   b.  Second, Randall Shelle was to receive the continuing right to share crop the Farmland as long as he desired, and profits from the farming were to be split 50/50 between Randall Shelle and Nancy. Trust Art. IV(C).

   c.  Third, Nancy, Bradley, Sarah Erhart and Justin Erhart were each given the right to purchase the Farmland at fair market value. In the event the Farmland was sold, the proceeds were to be divided in one-fourth equal shares to Nancy, Bradley, Sarah Erhart and Justin Erhart. Trust Art. IV(C).

   d.  Fourth, the residue of the Trust estate was to be distributed to Nancy. Trust Art. IV(D).

**Breaches of Fiduciary Duty**

19.     After Mary Catron's passing, Nancy did not notify Bradley that he was a beneficiary of the Trust. She also failed to keep him reasonably informed about the administration of the Trust and his rights thereunder so that he could protect his interests.

20.     In fact, Bradley only discovered he was a beneficiary through an inadvertent conversation with Nancy in June 2021.

21.     Nancy's failure to inform Bradley of his rights under the Trust cost him the ability to purchase the Farmland at the fair market value at the time of Mary Catron's death. That property's value has substantially increased since then, and purchasing the property now would cost significantly more. Bradley also lost out on the profits from the sharecropping since 2010 had he purchased the property.

22.     Nancy's omission was intentional. While the Farmland remained unsold, Nancy was entitled to half of the sharecropper proceeds.

23.     Nancy also never paid Bradley the $25,000 specific gift he was entitled to receive under the Trust.

24.     Instead, Nancy spent the Trust assets for her own personal benefit.

25.     Shortly after finding out about the Trust, Bradley requested additional information from Nancy about the Trust and its assets. He also asked her for an accounting of how Trust assets were spent.

26.     Nancy refused to provide Bradley with any accounting.

## CAUSES OF ACTION

### COUNT I
### Breach of Fiduciary Duty

27.     Bradley incorporates by reference the allegations in the preceding paragraphs.

28.     Indiana Code § 30-4-3-22 provides: "A beneficiary of a trust may maintain an action: (1) to compel the trustee to perform his duties; (2) to enjoin the trustee from committing an act which may be a breach of trust; (3) to compel the trustee to redress a breach of trust; or (4) to remove a trustee for cause and to appoint a successor."

29.     As Trustee, Nancy was required to make specific gifts as designated in the Trust, including to pay $25,000 to Bradley.

30.     Specific gifts must be paid before any assets flow to residuary beneficiaries.

31.     Nancy's distribution of trust assets to herself prior to making the specific gift distribution to Bradley is a breach of her fiduciary duty to administer the Trust in accordance with its terms.

32.     Nancy also failed to inform Bradley of the terms of the Trust and specifically of his right to purchase the Farmland for the market value at the time of Mary Catron's death.

33.     Nancy's actions have damaged Bradley.

34.     Because Nancy breached her fiduciary duty to benefit herself, she should be removed as trustee.

35.     Nancy is personally liable for the loss or depreciation of the value of the Trust assets, any profit she has made as a result of the breach, and any reasonable profit that would have accrued on the Trust property absent her breach, including loss of sharecropper proceeds. Ind. Code § 30-4-3-11(b).

36.     Nancy is also personally liable for Bradley's attorneys' fees incurred in bringing this action.  Ind. Code § 30-4-3-11(b)(4).

WHEREFORE, Bradley requests this Court (1) remove Nancy as trustee of the Trust and appoint a successor trustee; (2) direct the successor trustee to administer the trust in accordance with its terms, including collecting all of the Trust assets and making the specific distributions of cash provided for under the Trust; and (3) award Bradley his costs, damages to be determined, and attorneys' fees for Nancy's breach of her fiduciary duty in failing to adhere to the Trust's terms.

## COUNT II
## Breach of Duty to Avoid Self-Dealing

37.     Bradley incorporates by reference the allegations in the preceding paragraphs.

38.     Indiana Code § 30-4-3-5 governs conflicts of interest in the exercise of a Trustee's powers, and provides:

If the duty of the trustee in the exercise of any power conflicts with the trustee's individual interest or the trustee's interest as trustee of another trust, the power may be exercised only under one (1) of the following circumstances: (1) The trustee receives court authorization to exercise the power with notice to interested persons as the court may direct. (2) The trustee gives notice of the proposed action in accordance with IC 30-2-14-16 and: (A) the trustee receives the written authorization of all interested persons to the proposed action within the period specified in the notice of the proposed action; or (B) a beneficiary objects to the proposed action within the period specified in the notice of the proposed action, but the trustee receives court authorization to exercise the power. (3) The exercise of the power is specifically authorized by the terms of the trust.

39.     Nancy chose to keep the terms of the Trust secret from Bradley and specifically failed to disclose to Bradley his option to purchase the Farmland so that she could continue to receive sharecropping proceeds.

40.     Nancy also kept Bradley's specific distribution of $25,000 from the Trust and used it for her own benefit.

41.     Nancy did not receive the court's permission to do so nor did she give Bradley the requisite notice. The Trust also did not specifically authorize her to keep that information from Bradley or to use another beneficiaries' distribution as her own.

42.     Nancy self-dealt by not distributing Trust assets and by failing to inform beneficiaries of their rights under the Trust.

43.     Nancy's actions damaged Bradley.

WHEREFORE, Bradley requests this Court award him his costs, damages to be determined, and attorneys' fees for Nancy's self-dealing.

## COUNT III
### Breaches of Duties to Maintain Accurate Records,
### Keep Trust Property Separately, and Treat Beneficiaries Impartially

44.     Bradley incorporates by reference the allegations in the preceding paragraphs.

45.     Nancy, as Personal Representative of Mary Catron's Estate and Trustee of the Trust, had a duty to maintain accurate Trust records, keep trust property separate from her own, and treat beneficiaries impartially.

46.     Nancy failed to keep records documenting her administration and distribution of the Trust's assets, and used the Trust's assets as her own in violation of Indiana Code § 30-4-3-6.

47.     Nancy also treated the beneficiaries differently. For example, Nancy informed Sarah Erhart of her status as a beneficiary of the Trust but did not disclose this information to Bradley or inform him of his rights under the Trust.

48.     Nancy's actions damaged Bradley.

WHEREFORE, Bradley requests this Court award him his costs, damages to be determined, and attorney fees for Nancy's breach of her duties to maintain accurate records, keep Trust property separately, and treat beneficiaries impartially.

## COUNT IV
### Breach of Duty to Inform

49.     Bradley incorporates by reference the allegations in the preceding paragraphs.

50.     Indiana Code § 30-4-3-6(a)(7) required Nancy keep the Trust beneficiaries reasonably informed about the administration of the Trust and of the material facts necessary for the beneficiaries to protect their interests.

51.     Nancy failed to inform Bradley that he was a beneficiary of the Trust for more than a decade.   Nancy also failed to keep Bradley informed about her administration of the Trust and her use of the Trust assets.

52.     As a result of Nancy's omissions, Bradley was unable to protect his interests in the Trust, and was damaged.

53.     As an example, the fair market value of the Farmland has increased since Mary Catron's death, meaning that Bradley would have to expend more money to exercise his right to purchase such Farmland.

WHEREFORE, Bradley requests this Court award him his costs, damages to be determined, and attorney fees against Nancy for her breaches of her duty to inform, including the right to purchase the Farmland at fair market value at the time of Mary Catron's death, or in the alternative, that Nancy be held liable for the difference in value.

## COUNT V
## Request for Accounting

54.     Bradley incorporates by reference the allegations in the preceding paragraphs.

55.     Indiana Code § 30-4-5-12(c) provides that upon petition by a beneficiary, the court may direct the trustee to file a verified written statement of accounts.

56.     It is unclear what assets the Trust had upon Mary Catron's death and how those assets were administered or distributed by Nancy.

57.     It is also unclear whether Nancy fulfilled her fiduciary obligations to transfer all probate assets to the Trust according to the terms of Mary Catron's probated will.

WHEREFORE, Bradley requests this Court order Nancy to provide a complete verified written statement of accounts for the Trust, beginning at the time Nancy became successor Trustee.

## RELIEF SOUGHT

Nancy is personally liable to Bradley for, among other things, any loss or depreciation in the value of the Trust property as a result of her breaches, any profit made by Nancy for the breaches, any reasonable profit which would have accrued on the Trust property in the absence of the breaches, and reasonable attorney's fees incurred by Bradley for bringing this action. Ind. Code § 30-4-3-11(b).   Additionally, Bradley is

entitled to a lien against Nancy's individual property in the amount of the value of the property at the time of Nancy's commingling of assets. Ind. Code § 30-4-3-22(c)(2).

Bradley accordingly requests this Court enter an order in favor of Bradley and against Nancy on all counts, which (1) removes Nancy as trustee of the Trust and appoints a successor trustee; (2) directs the successor trustee to administer the Trust in accordance with its terms, including collecting all of the Trust assets and making the specific distributions of cash provided for under the Trust; (3) requires Nancy to provide a verified accounting for the Trust from the time she began serving as successor trustee; (4) awards Bradley his damages, prejudgment interest, costs, and attorneys' fees against Nancy for her breaches of fiduciary duty; and (5) provides for any other relief this Court deems just and proper.

Date: March 14, 2022

Respectfully submitted,

*/s/ Kimberly S. DalSanto*
Kimberly S. DalSanto, Atty. No. 32666-03
Sarah C. Jenkins, Atty. No. 26421-53
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN  46204
(317) 713-3500
kdalsanto@taftlaw.com
sjenkins@taftlaw.com

*Attorneys for Bradley Erhart*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on March 14, 2022, the foregoing was

filed electronically with the Court's ECF system and served upon all parties of record.


*/s/ Kimberly S. DalSanto*

## Exhibit A

**TRUST AGREEMENT**

**OF**

**MARY E. CATRON**

SECTION 3

## TRUST AGREEMENT

THIS TRUST AGREEMENT made this ___7___ day of _February_, 2001, between **Mary E. Catron**, of the County of **Henry**, State of **Indiana**, herein designated as Grantor, and **Mary E. Catron**, herein designated as Trustee. The term "Trustee" shall include Co-Trustees.

### IT IS AGREED BETWEEN THE PARTIES HERETO AS FOLLOWS:

### ARTICLE I

### TRUST PROPERTY

A.  Original Trust Estate.  The Grantor hereby transfers to the Trustee, without consideration from the Trustee, the sum of one dollar ($1.00), receipt of which is hereby acknowledged, upon the conditions herein provided.

B.  Name of Trust.  The name of this trust is **The Mary E. Catron Revocable Living Trust**.

C.  Additions to Trust Estate.  Additional property may be added to the trust estate at any time by the Grantor, or by any person or persons, by inter vivos or testamentary transfer.  Such additions and title to any property so added may be, but need not be, evidenced by amendment to this agreement or by schedule, deed, assignment, or other writings transferring property to the Trustee.  All such original and additional property is referred to herein collectively as the Trust Estate and shall be held, managed and distributed as herein provided.  An inventory of the property to be initially transferred to the Trust Estate is included as "Schedule A" to the attached "Declaration of Intent." All property initially transferred to the Trust Estate has been, or will be, transferred without consideration.

### ARTICLE II

### GRANTOR'S RIGHTS

A.  Amendment and Revocation.  During the lifetime of the Grantor, this trust may be altered, amended or revoked, in whole or in part, by written instrument signed by the Grantor and filed with the Trustee, and upon any revocation, all such assets shall return to the Grantor free of trust.  By way of construction, all property transferred to the trust is separate property of the Grantor and shall remain separate property in this trust.  After the death of the Grantor, this trust may not be altered, amended or revoked.

B.  Conservatorship or Guardianship.  In the event that the Grantor shall be legally declared a Conservatee or a Ward of the court, and the income from the trust shall be insufficient to provide for the proper health, support and maintenance of the Grantor, the Conservator or Guardian of the Grantor shall have the right, with the approval of the appropriate court, to invade the trust for the benefit of the Grantor to the extent that the Grantor could have invaded the trust had the Grantor not been, at that time, subject to a Conservatorship or Guardianship.  The power of the Grantor to revoke or amend this

23

trust is personal to the Grantor and shall not be exercisable in the Grantor's behalf by any Conservator or Guardian or other person, except that revocation or amendment may be authorized, after notice to the Trustee, by the court that appointed the Conservator or Guardian.

C. Investment of Trust Estate. While the Grantor is living and competent, the Grantor may, at any time or times, direct the Trustee in writing to invest the trust estate in specific securities, properties or investments, to retain as part of the trust estate any securities, properties or investments for such length of time as such directions may provide, or to sell, encumber, lease, manage, control or dispose of any property of the trust estate. The Trustee shall not be liable for any loss sustained or incurred by reason of compliance by such Trustee with any such written directions of the Grantor.

D. Character of Property. Regardless of the location of such property, any personal property transferred to this trust shall remain personal property, and any real property transferred to this trust shall remain real property.

## ARTICLE III

### DISPOSITIVE PROVISIONS DURING GRANTOR'S LIFETIME

A. Payment of Expenses. The Trustee shall pay or reserve sufficient funds to pay all expenses incident to the establishment, management and administration of the trust estate, including the compensation of the Trustee, all or any part of which may, in the discretion of the Trustee, be charged either to income or principal of the trust estate. The remaining income shall be and is hereinafter referred to as "net income".

B. Distribution of Income. During the lifetime of the Grantor, the Trustee shall pay to the Grantor, or shall apply for the Grantor's benefit, the net income of the trust in quarter-annual or more frequent intervals.

C. Distribution of Principal. If the Trustee considers the net income insufficient, the Trustee may pay to or apply for the benefit of the Grantor as much of the principal of the trust estate as is necessary, in the Trustee's discretion, for the proper health, education, support, maintenance and comfort of the Grantor, in accordance with the accustomed manner of living of the Grantor at the date of this instrument. The Trustee shall exercise this power to invade principal in a liberal manner.

## ARTICLE IV

### DISPOSITIVE PROVISIONS AFTER DEATH OF GRANTOR

A. Payment of Expenses of Grantor's Estate. On the death of the Grantor, the Trustee may, in the Trustee's discretion, pay, out of the trust, the debts of the Grantor; the estate and inheritance taxes, including interest and penalties, arising because of the Grantor's death; the last illness and funeral expenses of the Grantor; and attorneys' fees and other costs incurred in administering the Grantor's estate. The Trustee may pay any such taxes directly or, alternatively, in the sole discretion of the

24

Trustee, distribute such sums to the Personal Representative as shall be necessary to pay all or any portion of such taxes.

B.   Payment of Expenses of Administration.  Upon the death of the Grantor, the Trustee shall pay or reserve sufficient funds to pay all expenses of management and administration of the trust estate, including the compensation of the Trustee and the attorney, all or any part of which shall be charged, in the Trustee's discretion, to income and/or principal of the trust estate.  The remaining income shall be and is hereinafter referred to as "net income".

C.   Distribution of Gifts.  The Trustee shall distribute gifts of trust property, subject to the provisions of ARTICLE IV  PARAGRAPH F hereinbelow, to beneficiaries as follows:

**To Grantor's grandchild, Bradley C. Erhart, the sum of Twenty-five thousand dollars ($25,000.00) for the purchase of a car when he reaches the age of nineteen (19) years.  This gift shall lapse in the event Grantor makes the same or similar gift during her lifetime;**

**To Gary Souder and Larry Souder, the continuing right to cash rent the farmland as long as they desire and are capable of cash renting the farmland;**

If any beneficiary named in this ARTICLE IV PARAGRAPH C is not then living, the gift to such deceased beneficiary shall lapse and shall become a portion of the remainder of the trust estate.

D.   Distribution of Remainder of Trust Estate.  Upon the death of the Grantor, the Trustee shall, after paying or reserving for all amounts payable, as provided in ARTICLE IV PARAGRAPHS A through C, divide the remainder of the trust estate into shares set forth as follows and shall hold, administer and distribute each share according to the provisions of ARTICLE IV PARAGRAPH F hereinbelow:

**Nancy E. Erhart                          One Hundred per cent (100%) share by right of representation; subject to the establishment of trusts for Grantor's grandchildren, Justin C. Erhart, Bradley C. Erhart, Sarah E. Erhart, which shall be established at the discretion of Nancy E. Erhart according to the WRITTEN instructions given her from Grantor.**

E.   Distribution of Deceased Beneficiary's Share.  In the event a beneficiary named in Paragraph D of this ARTICLE IV is not then living, the share of such deceased beneficiary shall **be distributed to his or her living issue, by right of representation.**

25

F. Distributions of Income and Principal.

1. The Trustee may pay to or apply for the benefit of each beneficiary for whom a trust is then held who has not yet attained the age of twenty-one (21) years as much of the net income of said trust as the Trustee shall determine to be in the best interest of and tending to promote the welfare of such beneficiary, after taking into consideration, to the extent the Trustee deems advisable, any other income or resources of such beneficiary. Any income not distributed shall be accumulated and added to and become part of the principal of said trust. After a beneficiary for whom a trust is then held attains the age of twenty-one (21) years, the Trustee shall pay to or apply for the benefit of such beneficiary the net income of said trust in convenient intervals not less frequently than quarter-annually.

2. If the Trustee deems the net income available hereunder not sufficient to provide for the reasonable health, support, maintenance and education of any beneficiary for whom a trust is then held, taking into consideration any other income and financial resources of such beneficiary, so far as known to the Trustee, it may, as often as it deems necessary, pay to or apply for the use and benefit of such beneficiary such part of the principal of the respective trust of such beneficiary, up to and including the whole thereof, as is necessary for the reasonable health, support, maintenance and education of such beneficiary.

3. The Trustee, in its discretion, may make net income or principal payments to a minor or a beneficiary under disability by making such payments to the guardian or conservator of his or her person, to a custodian under a Uniform Transfers to Minors Act or similar statute applicable in the State of **Indiana**, or to any suitable person with whom he or she resides, or the Trustee may apply such payments directly for the beneficiary's benefit. The Trustee may make net income or principal payments directly to a minor child if, in the Trustee's discretion, such child is of sufficient maturity to manage such distribution.

4. Upon the death of a beneficiary for whom a trust is then held prior to final distribution to such beneficiary, if said decedent is survived by issue, that portion of such trust (including both principal and any accrued or undistributed income) which is not exempt from the generation-skipping transfer tax imposed by Chapter 13 of the Internal Revenue Code of 1986 (or any successor provisions) shall be distributed to such one or more persons or entities, including the decedent's estate, and on such terms and conditions, either outright or in trust, as the decedent shall have appointed by the last dated instrument delivered to the Trustee, including a Will (whether or not admitted to probate), specifically referring to and exercising this power of appointment. Any of such portion of the trust as is not appointed, together with that portion of the trust that is exempt from the generation-skipping transfer tax, shall be distributed according to the terms of ARTICLE IV PARAGRAPH E hereinabove as though said beneficiary had predeceased the Grantor.

5. There need be no physical segregation or division of the various trust shares except as segregation or division may be required by the termination of any of the trusts, but the Trustee shall keep separate accounts for the different undivided interests.

26

6.  Subject to a possible retention of some or all of the assets of the trust estate by the Trustee pursuant to ARTICLE VI PARAGRAPH S, whenever any beneficiary for whom a trust is then held shall have attained the age of **twenty-five (25)** years, the Trustee shall distribute to such beneficiary, free of trust, the entire principal and accumulated income, if any, of his or her separate trust.

7.  In the event that there shall be no surviving named beneficiaries, including issue as set forth herein, the trust shall terminate and the proceeds shall be distributed to the then surviving heirs at law of the Grantor, as determined by the laws of intestate succession then existing in the State of **Indiana**; excluding, however, any provision for distribution to heirs of a predeceased spouse.

8.  The term "issue", unless otherwise designated herein, shall include adopted "issue" of descendants and lineal descendants, both natural and legally adopted indefinitely.  Such term shall specifically exclude individuals adopted out of the family of Grantor or out of the family of a descendant of Grantor.  The word "living" shall include unborn persons in the period of gestation.

## ARTICLE V

### ADDITIONAL DISPOSITIVE PROVISIONS

A.  Discretionary Termination.  If the value of the trust estate or of any segregated share held as a separate trust is determined by the Trustee to be valued at $20,000.00 or less, then such trust may, in the discretion of the Trustee, be terminated and the remainder of such trust shall be distributed to the person then entitled to the income therefrom.

B.  Rule Against Perpetuities. Unless sooner terminated in the manner hereinbefore provided, each trust shall cease and terminate one day prior to twenty-one (21) years from the death of the Surviving Spouse, or the death of the survivor of the named beneficiaries who are living at the date of death of the Surviving Spouse, whichever death shall last occur, or the interest must vest or terminate within ninety (90) years after the interest's creation.  Upon such termination, the entire trust estate, including principal and any accrued or undistributed net income thereon, shall be distributed to the persons for whom said trust estate is then held, in proportion to the trusts then held for such persons.

C.  Spendthrift Provision.  No beneficiary of this trust, other than the Grantor, shall have any right to alienate, encumber or hypothecate his interest in the trust to claims of his creditors, or to render such interest liable to attachment, execution, or other process of law.  The income of this trust shall not be pledged, assigned, transferred, sold or accelerated, anticipated or encumbered in any manner whatsoever by any beneficiary, nor shall any income of the trust be in any manner subject or liable in the hands of the Trustee for the debts, contracts or encroachments of any beneficiary or be subject to any assignments or any other voluntary or involuntary alienation or disposition whatsoever.  If the creditor of any beneficiary, other than the Grantor, who is entitled to any distributions from a trust established under this instrument shall attempt by any means to subject to the satisfaction of his claim such beneficiary's interest in distribution, then, notwithstanding any other provision herein, until the release of the writ of attachment or garnishment or other process, the distribution set aside for such beneficiary shall be disposed of as follows:

27

1.  Distribution to Beneficiary.  The Trustee shall pay to or apply for the benefit of such beneficiary such sums as the Trustee shall determine to be necessary for the reasonable health, education (including study at institutions of higher learning) and   support of the beneficiary according to his or her accustomed mode of life.

2.  Disposition of Excess.  The portion of the distribution that the Trustee shall determine to be in excess of the amount necessary for such health, education (including study at institutions of higher learning) and support shall, in the Trustee's discretion, either be added to and become principal of the trust share of such beneficiary or be paid to or applied for the benefit of the other beneficiaries then entitled to receive payments from any trust established under this instrument, in proportion to their respective interests in the trust estate; or, if there be no other beneficiaries, the excess income may be paid to or applied for the benefit of the person or persons presumptively entitled to the next eventual interest, in proportion to their respective interests.

D.  Simultaneous Death.  If any beneficiary of the trust shall die simultaneously with the Grantor, or if there is insufficient evidence to establish that such beneficiary and the Grantor died other than simultaneously, it is hereby deemed that the Grantor shall have survived the beneficiary.

## ARTICLE  VI

### TRUSTEE'S POWERS

In addition to all other powers and discretion granted to or vested in the Trustee by law or by this instrument, the Trustee shall have full power to do everything it deems to be in the best interests of the beneficiaries of the trust, including, but not limited to, the following powers and discretion:

A.  Power to Retain Trust Property and Comply with Existing Agreements.  To continue to hold any property received in trust, including undivided interests in real property, and to operate any property or any business received in trust as long as the Trustee, in the Trustee's discretion, may deem advisable, notwithstanding the fact that any or all of the investments retained are of a character or size which, but for this express authority, would not be considered proper for the Trustee.  In the event the Grantor shall be a party to a Buy-Sell Agreement, Cross-Purchase Agreement, Stock Redemption Agreement, Option or any agreement providing for the disposition of Grantor's interest in property, whether such agreement has been executed by Grantor individually or as Trustee of this Trust Agreement, and which property is owned by the trust, then upon the death of Grantor, the then acting Trustee of this trust is hereby directed to transfer as much of Grantor's interest in such property then held in the trust as is necessary to carry out the provisions of any such agreement and to execute all documents and take all further actions necessary or appropriate to carry out the terms of such agreement.

B.  Power to Manage Trust Property.  To manage, control, sell, convey, exchange, partition, divide, subdivide, improve and repair; to grant options and to sell upon deferred payments; to lease for terms within or extending beyond the duration of the trust, for any purpose, including exploration for and removal of oil, gas and other minerals; to enter into oil, gas and mineral leases, assignments, farmouts,

28

farmins and joint ventures; to purchase and sell gas, oil and mineral royalties, to create restrictions, easements, and other servitudes; to compromise, arbitrate, or otherwise adjust claims in favor of or against the trust; to institute, compromise and defend actions and proceedings; to construct, alter or demolish any buildings; and to carry such insurance as the Trustee may deem advisable.

C.  Power to Invest.  To invest and reinvest the principal and to purchase or acquire therewith every kind of property, real or personal, and every kind of investment, specifically including, but not by way of limitation, commodities of every nature, corporate obligations of every kind, precious metals such as gold or silver, and stocks, preferred or common, and to buy stocks, bonds, commodities and similar investments on margin or other leveraged accounts and to short sell such accounts, and to buy, sell and write stock and other security options, and to enter into commercial partnership as a partner, limited or general, and to operate any business as a sole proprietor.  To open, operate and maintain a securities brokerage account wherein any securities may be bought and/or sold on margin, and to hypothecate, borrow upon, purchase and/or sell existing securities in such account as the Trustee may deem appropriate or useful.

D.  Power to Retain Trust Property without Diversification.  To retain, without liability for loss or depreciation resulting from such retention, original property, real or personal, at any time received by the Trustee, for such time as the Trustee shall deem best, even though such property may not be of the character prescribed by law or by the terms of this trust for the investment of trust funds, and although it may represent a large percentage of the total trust or estate property, and without being required to observe the principle of diversification of trust investments.

E.  Power to Retain Unproductive Property.  To retain uninvested all or any part of the trust estate from such time, and from time to time, as the Trustee may deem advisable.

F.  Power to Borrow.  To borrow money for any trust purpose upon such terms and conditions as the Trustee may deem proper, and to obligate the trust estate by mortgage, deed of trust, pledge, or otherwise, using such procedure to consummate the transaction as the Trustee may deem advisable and to pledge the assets of the trust estate to secure the guarantee by the Grantor of the debts of third parties.

G.  Power to Manage Securities.  To have, respecting securities, all the rights, powers and privileges of an owner, including the power to pay assessments and other sums deemed by the Trustee necessary for the protection of the trust estate; to participate in voting trusts, pooling agreements, foreclosures, recapitalizations, reorganizations, consolidations, mergers, and liquidations, and in connection therewith to deposit securities with and transfer title to any protective or other committee under such terms as the Trustee may deem advisable; to exercise or sell stock subscription or conversion rights, to accept and retain as an investment any securities or other property received through the exercise of the foregoing powers.

H.  Power to Partition, Allot and Distribute.  Upon any division or distribution of the trust estate, to partition, allot and distribute the trust estate in undivided interests or in kind, or partly in money and partly in kind, at valuations determined by the Trustee, and to sell such property as the Trustee may

29

deem necessary to make division or distribution. The power of the Trustee to make distributions in kind shall include the power to make non-pro rata distributions in kind without regard to the income tax basis of assets so distributed.

I. Power to Determine Principal and Income. Except as otherwise specifically provided in this Trust Agreement, the determination of all matters relating to principal and income and receipts and expenses shall be governed by the provisions of the Uniform Principal and Income Act or similar statute applicable in the State of **Indiana** from time to time existing. The Trustee in the Trustee's discretion shall determine any such matter not provided for either in this instrument or in the Uniform Principal and Income Act or similar statute applicable in the State of **Indiana.** The Trustee's powers shall be subject, at any time that a beneficiary shall be a Trustee hereunder, to the Trustee's duty to treat income and remainder beneficiaries equitably.

J. Power to Distribute Income. To make payments, if any, of the net income of the trust in quarterly or more frequent intervals as may be convenient to the Trustee. Upon the death of the income beneficiary of the trust during its continuance, any accumulated income which would have been paid to such beneficiary had he or she survived shall not be payable to his or her estate but shall be paid to his or her successors or successor in interest in the trust as hereinabove provided.

K. Power to Employ Counsel. To employ counsel and corporate or other agents in the discharge of their duties and to pay them a reasonable compensation out of either income or principal, in the Trustee's discretion, and to rely upon the advice of counsel and to suffer no liability resulting from any action taken or withheld pursuant to such advice.

L. Power to Pay Taxes and Expenses Relative to Trust Property. To pay from time to time all taxes, assessments, including corporate assessments, and other charges levied or accruing against or on account of the trust property, and to pay all expenses of the trust, including reasonable compensation to the Trustee. To deduct all said taxes, assessments, charges and expenses from the income or principal of the trust as the Trustee may deem proper, giving consideration to whether it was income or principal or an allocation between them which gave rise to such taxes, charges and expenses.

M. Power to Hold Trust Property in the Name of a Nominee. To take title to any property in its name as Trustee hereunder or in its own name or in the name of a nominee without disclosing the trust, or, in the case of securities, to take and keep the same unregistered and to retain them in such manner that title may pass by delivery; or, in the case of real estate, to keep deeds unrecorded; or to deposit cash in a checking or savings account without indication of any fiduciary capacity.

N. Power to Distribute to or for the Benefit of Minor or Disabled Beneficiary. In any case in which a trust share is distributable to a beneficiary who has not reached majority in the state of his or her residence, or in any case where mandatory or discretionary payments of income or principal are to be made to such a minor or other beneficiary under legal disability, the Trustee may, in its discretion, distribute income or principal directly to the beneficiary, to the guardian or parent of the beneficiary, to a bank account in trust, to a custodianship for the beneficiary or to a person with whom the beneficiary

30

resides. The receipt of the beneficiary, guardian, parent or person shall discharge the Trustee from its responsibility for the proper expenditure of income or principal.

O. Power to Pay Taxes. To pay out of the trust shares or income interests giving rise to such taxes, all state, federal and local property taxes, income taxes and all other taxes relating to the trust estate.

P. Power to Lend. To lend money to any person, including the probate estate of the Grantor, provided that any such loan shall be adequately secured and shall bear a reasonable rate of interest.

Q. Power to Insure. To carry insurance of such kinds and in such amounts as the Trustee deems advisable, at the expense of the trust, to protect the trust estate and the Trustee personally against hazard.

R. Power to Commence or Defend Litigation and to Compromise. To commence or defend, at the expense of the trust, such litigation with respect to the trust or any property of the trust estate as the Trustee may deem advisable, and to compromise or otherwise adjust claims or litigation against or in favor of the trust.

S. Power to Withhold Payment Pursuant to Conflicting Claims. To withhold from distribution, in the Trustee's discretion, at the time for distribution of any property in this trust, without the payment of interest, all or any part of the property, so long as the Trustee shall determine, in the Trustee's discretion, that such property may be subject to conflicting claims, to tax deficiencies, or to liabilities, contingent or otherwise, properly incurred in the administration of the trust estate. The Trustee is under no obligation to make such retentions and shall be under no liability whatever for the exercise or the failure to exercise such discretion. The interests of the beneficiaries hereunder shall be vested regardless of whether or not such assets are so retained, and all income required to be paid shall be payable to such beneficiaries in convenient intervals not less frequently than quarter-annually.

T. Power to Adjust for Tax Consequences. To take any action and to make any election, in the Trustee's discretion, in order to minimize the tax liabilities of this trust and its beneficiaries or to extend the time for payment of any tax liabilities. The Trustee shall allocate the benefits from such action or election among the various beneficiaries. The Trustee shall make adjustments in the rights of any beneficiaries, or between the income and principal accounts, to compensate for the consequences of any tax election, investment, or administrative decision that the Trustee believes has had the effect of directly or indirectly preferring one beneficiary or group of beneficiaries over others.

U. Power to Subject Trust Property to Probate. It is the Grantor's intention to avoid probate through the use of this Trust Agreement. If, however, the Trustee of this trust and the Personal Representative of the estate of Grantor shall mutually determine that it shall be in the best interests of the beneficiaries of the trust, and the beneficial interests of the beneficiaries shall not thereby be altered, the Trustee may subject any asset to probate to accomplish a result unavailable without probate. This power shall be strictly construed and shall only be used to secure any tax or other benefit otherwise unavailable to the trust.

31

V. Power to Delegate. To perform or to delegate to any trustee or non-trustee any non-discretionary power, including the power to singularly or jointly open, close or transfer any type of bank account and savings and loan association account, sign checks, drafts, withdrawal slips or other documents, give instructions for the receipt or delivery of securities or other property, give instructions for the payment or the receipt of money and, singularly or with others, have access to any safe deposit box or other place containing property of this trust.

## ARTICLE VII

### LIMITATION OF POWERS

A. Management of Principal and Income. No powers, enumerated herein or accorded to Trustee generally by law, shall be construed to enable any person appointed as Trustee or otherwise, or any other person, to purchase, exchange or otherwise deal with or dispose of the principal or income of this trust for less than an adequate consideration in money or money's worth or to enable any person appointed as Trustee or otherwise to borrow the principal or income of this trust directly or indirectly without adequate interest or security. This limitation shall not apply to a Grantor acting as Trustee.

B. Fiduciary Capacity of Trustee. Any Trustee or Co-Trustee of an irrevocable trust hereunder shall act at all times in his or her fiduciary capacity and shall treat the income and remainder beneficiaries equitably, and no Trustee shall have any power which would cause includibility of such irrevocable trust share in his or her estate for federal estate tax purposes. Should any condition arise, including a change in the law, which would prevent any such Trustee or Co-Trustee of such irrevocable trust from acting as Trustee hereunder without causing includibility of such trust share in his or her estate for federal estate tax purposes merely by reason of such trusteeship, such Trustee or Co-Trustee shall resign, and the next successor Trustee, as designated herein, who shall not be subject to such includibility shall be appointed in his or her stead.

C. Invasion of Principal by Trustee. No Trustee of Co-Trustee who is also a beneficiary of an irrevocable trust share hereunder shall have the power to invade the trust principal for his or her benefit prior to the termination of the trust, except pursuant to the ascertainable standards set forth in this Trust Agreement.

## ARTICLE VIII

### RECORDS AND ACCOUNTING

The Trustee shall keep and maintain adequate books and records reflecting all income and principal transactions, which books and records shall be open at all reasonable times to the inspection of the Grantor and to the duly authorized representatives of the Grantor. The Trustee shall furnish at least annual statements for all transactions to the then income beneficiaries of the trust or to the natural or legal guardians of such beneficiaries.

32

## ARTICLE IX

### COMPENSATION OF TRUSTEE

The Trustee shall receive as compensation for its services, unless waived, such amount of commissions as are customarily being charged by commercial trust companies for services as a trustee of an inter vivos trust in the State of **Indiana**.

## ARTICLE X

### SUCCESSOR TRUSTEES

A.  Designation of Successor Trustee.  Upon the death, resignation or incapacity of **Mary E. Catron** as Trustee, the successor Trustee shall be **Nancy E. Erhart**.

B.  Powers and Responsibility of Successor Trustee.  Upon the appointment of any successor Trustee, such Trustee shall not be required to conduct an audit or account of the fiduciary conduct of any previous Trustee and shall incur no liability whatsoever by its failure to examine the prior trust record. Every successor Trustee shall have all the powers given the originally named Trustee.  No successor Trustee shall be personally liable for any act or omission of any predecessor.

C.  Guardianship or Conservatorship of Trustee.  The establishment of a Guardianship or Conservatorship of the Trustee, whether it is of the Estate or the Person, shall cause the trusteeship of such individual to terminate and to pass to the successor Trustee. Additionally, should two physicians, neither of whom is a beneficiary hereunder, related to the Grantor or the Trustee within the second degree, nor related to any beneficiary of this trust or beneficiary under the Will of the Grantor within the second degree, certify that the Trustee is incompetent to act as Trustee, such trusteeship shall terminate and pass to the successor Trustee upon notification of such certification to the Grantor, the Trustee, and each then income beneficiary.  Should the Grantor, Trustee or any income beneficiary object to such certification, such objecting party may seek a legal determination of incompetence in any court of competent jurisdiction.

D.  Resignation of Trustee. Any Trustee or Co-trustee of this Trust Agreement may resign as Trustee after written notice of such resignation is delivered to the Grantor, or, if the Grantor is deceased, to all of the beneficiaries then receiving income interests, and upon the acceptance of the successor Trustee to act. The resignation of a Trustee can be effected by the attorney-in-fact for a Trustee exercising such power pursuant to a valid power of attorney. The resigned Trustee shall deliver an accounting of the assets, income, and expenses to the Successor Trustee as soon thereafter as reasonably possible.

E.  Removal of Trustee.  The Grantor shall have full power and authority, at any time or times, to remove the Trustee hereunder and to appoint a successor Trustee, including any corporation or banking institution, and shall do so by delivering to the Trustee to be removed a written notice of such removal, a written appointment of the successor Trustee, and a written acceptance by the successor Trustee. Upon delivery of such instruments to the Trustee, the Trustee shall, after deducting all charges and

33

amounts due it as Trustee, and upon receipt of such proper indemnity as it may require, transfer and deliver the trust estate to the successor Trustee. Thereafter, said removed Trustee shall have no further powers, discretion, rights, obligations or duties with reference to the trust, and all such powers, discretion, rights, obligations or duties given the Trustee by this instrument shall inure to and be binding upon said successor Trustee.

F.  Delegation of Power to Co-Trustee(s) and Other Agents.  Any acting Co-Trustee may, from time to time, delegate to one or more of the remaining acting Co-Trustees any powers, duties or discretions. Every such delegation shall be in writing, delivered to the delegate or delegates and shall remain in effect for the period of time specified in such written delegation or until earlier revocation in writing is delivered to such delegate or delegates. The certification of any Trustee as to the name and authority of any Trustee acting by reason of delegation or otherwise shall be sufficient evidence and shall indemnify any person relying upon such certification. Additionally, a Grantor acting as a Trustee may, by the execution of a Power of Attorney, delegate to a third party the power and authority to act for such Grantor in his or her capacity as a Trustee in any way in which said Trustee could act if personally present and able to act, subject to the provisions and any limitations set forth in such executed Power of Attorney.

G.  Required Consent of Co-Trustees.  Subject to the provisions of ARTICLE X PARAGRAPH F, whenever there are more than two (2) acting Co-Trustees, a majority of such Co-Trustees, whether individual or corporate, shall have the power to make any decision, undertake any action or execute any documents affecting the trusts created herein, and the dissenting Co-Trustee or Co-Trustees shall thereupon be released from all liability resulting from the decision of the majority. If there are two (2) acting Co-Trustees, they must act unanimously.  If an individual Co-Trustee and a corporate Co-Trustee are acting, the decision of the individual Co-Trustee shall be binding.

H.  Vacancy in Trusteeship.  In the event that all of the named Trustees and successors shall die, resign, or be incapacitated, and in the event that the right to appoint or designate a successor Trustee is not exercised by the Grantor, as provided in ARTICLE X PARAGRAPH E hereinabove, then, and in that event, the successor Trustee shall be chosen by a majority in interest of the then living beneficiaries, with a parent or guardian voting for each minor beneficiary.

I.  Foreign Assets.  In the event that the trust shall own real property (hereinafter referred to as "Foreign Assets") in some state other than **Indiana** and the Trustee hereunder shall be a corporate or individual Trustee not authorized to do business in that state, such corporate or individual Trustee shall select an individual ancillary Trustee located anywhere within the United States of America, providing such individual Trustee shall be legally able to act in such state, or a corporate ancillary Trustee located within the state of situs of such real property, and such ancillary Trustee shall be vested with, and only with, title to and management of each Foreign Asset, and such ancillary Trustee shall have the same rights and powers over the real property within such state as the regularly appointed Trustee under this trust would have had, had it been able to act as Trustee within that state.  The ancillary Trustee shall pay over to the Trustee hereunder, at least annually, the net income attributable to such Foreign Assets. The Trustee selecting such ancillary Trustee shall be held harmless for any wrongdoing on the part of the ancillary Trustee that it shall select.  No individual ancillary Trustee may be selected who would,

34

merely through selection as such ancillary Trustee, be subject to estate or inheritance tax on any trust assets upon his or her death.

## ARTICLE XI

### BOND

No Trustee or successor Trustee named herein shall be required to furnish any bond or bonds for the performance of Trustee's duties hereunder.

## ARTICLE XII

### GOVERNING LAW

The validity of this trust with respect to real property shall be governed by the state of its situs. The validity of this trust with respect to personal property, and the construction, interpretation and administration of this trust with respect to all property, shall be governed by the laws of the State of **Indiana** in force from time to time.

## ARTICLE XIII

### MERGER

The trust created hereby shall not terminate or be held to have terminated upon any theory of merger based on the fact that the same persons are, by the terms of this instrument, made sole beneficiaries and Trustee of said trust; and said beneficiaries are expressly given the right and privilege to participate in the property and business and the profits, dividends, earnings and increase thereof without regard to the relation as Trustee which such beneficiaries may bear to said trust.

## ARTICLE XIV

### NO-CONTEST CLAUSE

In the event that any beneficiary under this trust shall, singly or in conjunction with any other person or persons, contest in any court the validity of this trust or of the Grantor's Last Will or shall seek to obtain an adjudication in any proceeding in any court that this trust or any of its provisions, or that such Will or any of its provisions, is void, or seek otherwise to void, nullify, or set aside this trust or any of its provisions, then the right of that person to take any interest given to him by this trust shall be determined as it would have been determined had the person predeceased the execution of this Trust Agreement. The Trustee is authorized to defend, at the expense of the trust estate, any contest or other attack of any nature on this trust or any of its provisions.

## ARTICLE XV

### VALIDITY OF TRUST AGREEMENT

A.  Conflict with Jurisdictional Law.  This trust shall be construed in such a manner as to uphold its validity in the event that any provision would otherwise appear to conflict with the law of the jurisdiction governing such trust provision in question.

B.  Distribution Required by Court.  In the event that any court of competent jurisdiction shall make a final determination that some individual or institution other than a named beneficiary hereunder is, in fact, to be a recipient of a portion or all of this trust estate, the Trustee shall distribute to such court-determined beneficiary such share as such court shall order, and the Trustee and attorney for the trust shall be absolved from any liability whatever for carrying out such order, and all beneficiaries herein shall be bound by such court order.  Should any such court make such a determination after any assets are distributed hereunder, the individual or individuals receiving such assets shall return them to the Trustee for redistribution in accordance with the court order.

C.  Violation of Law.  If the trust created hereunder shall violate any applicable rule against perpetuities, accumulations or any similar rule or law, the Trustee is hereby directed to terminate such trust on the date limited by such rule or law and, thereupon, the property held in such trust shall be distributed to the persons then entitled to share in the income therefrom, in the proportions in which they are entitled to share the income, notwithstanding any provision of this trust to the contrary.

D.  Exercise of Power of Appointment in Violation of Law.  No power of appointment granted hereunder shall be so exercised as to violate any such applicable rule or law, and attempted exercise of any such power that violates such rule or law shall be void, notwithstanding any provision of this trust to the contrary.

E.  Headings.  The headings, titles and subtitles used herein are for the convenience of reference only and do not form a part hereof and in no way modify, interpret or construe the meanings of the provisions contained herein and shall not affect the construction hereof.

### END OF TRUST AGREEMENT

36

## CERTIFICATION

**I HEREBY CERTIFY THAT:**

1. I have read the foregoing Trust Agreement;

2. The foregoing Trust Agreement correctly states the terms and conditions under which the Trust Estate is to be held, managed, administered and disposed of by the Trustee,

3. I approve such Trust Agreement in all particulars;

4. As the trustee named in such Trust Agreement, I approve and accept the Trusts provided for in such Agreement; and,

5. The Grantor is executing this Agreement. The grantor shall retain this original Agreement for (his/her) records. A copy of this agreement shall be retained by **John M. Joyce, P. O. Box 68506, Indianapolis, Indiana 46268,  317-870-0451.**

IN WITNESS WHEREOF, **Mary E. Catron**, Grantor, and **Mary E. Catron**, as Trustee, as evidence of acceptance of the responsibilities of Trustee  hereunder, has signed this Trust Agreement.

GRANTOR:                                    TRUSTEE:

By: _Mary E Catron_                    By: _Mary E Catron_
**Mary E. Catron**                          **Mary E. Catron**

**End of the Certification of Trust Agreement of**
**The Mary E. Catron Revocable Living Trust**

37

**Notary Statement and Seal**

**for The Trust Agreement of**

**The Mary E. Catron**

**Revocable Living Trust**

STATE OF **INDIANA**　　　)
　　　　　:　ss.
COUNTY OF **HENRY**　　　)

On the ___7___ day of _February_, 2001, before me, the undersigned, a Notary Public
in and for said County and State, personally appeared **Mary E. Catron,** known to me (or proved to me
on the basis of satisfactory evidence) to be the persons whose names are subscribed to the within Trust
Agreement and acknowledged to me that they executed the same.

WITNESS my hand and official seal.

_Kay Larsen_
Notary Public Signature

Notary Public Seal
Kay Larsen
State of Indiana　　　　　Printed
Marion County
Commission Expires 06-04-01
My Commission Expires_____/_____

My County of Residence_____

**This Instrument Prepared By:**　John M. Joyce, Attorney at Law,
Indianapolis, Indiana

38

**AMENDMENT TO TRUST AGREEMENT**

SECTION 7

**INSERT FUTURE AMENDMENTS TO YOUR TRUST IN THIS SECTION.**

- Note: You should consult with your Estate Planning Attorney, **John M. Joyce, Attorney at Law, P. O. Box 68506, Indianapolis, IN 46268,  317-870-0451** if you desire to amend your Trust.

54

**FIRST (1ST) AMENDMENT TO TRUST AGREEMENT**

## FIRST (1ST) AMENDMENT TO TRUST AGREEMENT

A.  **Mary E. Catron,** Grantor, executed a Trust Agreement dated
    _February  7_____, 2001, establishing **The Mary E. Catron
    Revocable Living Trust.**

B.  Pursuant to the powers granted in ARTICLE II, Paragraph A of the Trust Agreement,
    while Grantor is living and competent, the trust may be altered or amended by written
    instrument signed by Grantor and filed with the Trustee.

C.  The Grantor desires to exercise her power to amend the Trust Agreement by making
    the following First (1st) Amendment, which shall be effective as of the date of
    execution hereof:

### AMENDMENT

### TO

### TRUST AGREEMENT

TRUST AGREEMENT **ARTICLE IV PARAGRAPH C,** is hereby amended to read as
follows:

C.  Distribution of Gifts.  The Trustee shall distribute gifts of trust property, subject to the
provisions of ARTICLE IV PARAGRAPH F hereinbelow, to beneficiaries as follows:

**To Grantor's grandchild, Bradley C. Erhart, the sum of Twenty-five thousand
dollars ($25,000.00) for the purchase of a car when he reaches the age of nineteen
(19) years.  This gift shall lapse in the event Grantor makes the same or similar gift
during her lifetime;**

**To Gary Souder and Larry Souder, the continuing right to share crop the farmland
as long as they desire and are capable of share cropping the farmland at a 50/50
division of the profit from the crops; the 50% profit of the crops proceeds is to go to
Nancy E. Erhart; this arrangement is to be continued or discontinued at the sole
discretion of Nancy E. Erhart;**

STATE OF INDIANA           )
                           ) SS:
COUNTY OF HENRY            )

On the ___19___ day of ___February___, 2001, before the undersigned, a Notary
Public in and for said County and State, personally appeared **Mary E. Catron** known to
me (or proved to me on the basis of satisfactory evidence) to be the person whose name is
subscribed to the within instrument, and
acknowledged to me that they executed the same.

WITNESS my hand and official seal.

_____
NOTARY PUBLIC

_____
Printed    Kay Larsen

My Commission Expires _06/04/01_

My County of Residence _Marion_

**This instrument prepared by John M. Joyce – Attorney at Law**
**Indianapolis, Indiana**

**SECOND (2ND) AMENDMENT TO TRUST AGREEMENT**

## SECOND (2ND) AMENDMENT TO TRUST AGREEMENT

A. **Mary E. Catron,** Grantor, executed a Trust  Agreement dated
   February   7   , 2001, establishing **The Mary E. Catron Revocable Living Trust.**

B. Pursuant to the powers granted in ARTICLE II, Paragraph A of the Trust Agreement, while Grantor is living and competent, the trust may be altered or amended by written instrument signed by Grantor and filed with the Trustee.

C. The Grantor desires to exercise her power to amend the Trust Agreement by making the following Second (2nd) Amendment, which shall be effective as of the date of execution hereof:

### AMENDMENT
### TO
### TRUST AGREEMENT

TRUST AGREEMENT **ARTICLE IV PARAGRAPH C & D,** is hereby amended to read as follows:

C.   Distribution of Gifts.  The Trustee shall distribute gifts of trust property, subject to the provisions of ARTICLE IV  PARAGRAPH F hereinbelow, to beneficiaries as follows:

**To Grantor's grandchildren  Justin C. Erhart, Bradley C. Erhart, and Sarah E. Erhart the sum of Twenty-five thousand dollars ($25,000.00).   This gift shall lapse in the event Grantor makes the same or similar gift during her lifetime;**

**To Randall Shelle, the continuing right to share crop the farmland as long as they desire and are capable of share cropping  the farmland at a 50/50 division of the profit from the crops; the 50% profit of the crops proceeds is to go to Nancy E. Erhart;  this arrangement is to be continued or discontinued at the sole discretion of Nancy E. Erhart;**

**The farm may be purchased at fair market value as farmland, should Nancy E. Erhart, Justin C. Erhart, Bradley C. Erhart, and/or Sarah E. Erhart set forth below choose to purchase said real estate;**

**In the event the farmland is sold the proceeds shall be divided in one-fourth (1/4) equal shares to Nancy E. Erhart, Justin C. Erhart, Bradley C. Erhart, and Sarah E. Erhart**

If any beneficiary named in this ARTICLE IV PARAGRAPH C is not then living, the gift to such deceased beneficiary shall lapse and shall become a portion of the remainder of the trust estate.

D.  Distribution of Remainder of Trust Estate.  Upon the death of the Grantor, the Trustee shall, after paying or reserving for all amounts payable, as provided in ARTICLE IV PARAGRAPHS A through C, divide the remainder of the trust estate into shares set forth as follows and shall hold, administer and distribute each share according to the provisions of ARTICLE IV PARAGRAPH F hereinbelow:

**Nancy E. Erhart                      One Hundred per cent (100%) share by right of representation; should Nancy E. Erhart be married to or living with Richard Ballinger then such share shall not be distributed in a lump sum but shall be invested in an annuity for a period certain of _____ years to provide monthly income during said term.**

**At the sole discretion of Nancy E. Erhart, she may establish a separate trust for Grantor's grandchild, Bradley C. Erhart for the costs of college expenses provided he maintain a "C" grade average and that he graduate within four (4) years;**

**Nancy E. Erhart may at her sole discretion establish trusts for Justin C. Erhart, and Sarah E. Erhart, for the costs of college expenses.**

IN WITNESS WHEREOF, I, **Mary E. Catron**, have signed this Amendment to Trust Agreement this _30_ day of _December_ , 2003.

GRANTOR                                        TRUSTEE

**Mary E. Catron**                              **Mary E. Catron**

STATE OF INDIANA        )
                        ) SS:
COUNTY OF HENRY         )

On the ___30___ day of ___December___, 2003, before the undersigned, a Notary Public in and for said County and State, personally appeared **Mary E. Catron** known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument, and acknowledged to me that they executed the same.

WITNESS my hand and official seal.

NOTARY PUBLIC

___L-Kay Larsen___
Printed

My Commission Expires ___6 / 4 / 09___

My County of Residence ___Marion___



**This instrument prepared by John M. Joyce – Attorney at Law**
**Indianapolis, Indiana**

Exhibit B

**LAST WILL AND TESTAMENT**

**OF**

**MARY E. CATRON**

SECTION 2

## LAST WILL AND TESTAMENT

### OF

### MARY E. CATRON

I, **Mary E. Catron**, a resident of the County of **Henry**, State of **Indiana**, being at least eighteen (18) years old and of sound mind, willfully and voluntarily do make and declare this to be my Last Will and Testament, and I revoke all my prior Wills and Codicils.

FIRST: Declaration Concerning Family. I declare that I am not married. **I have one (1) child of issue namely, Nancy E. Erhart.**

SECOND: Nomination and Appointment of Personal Representative. I hereby nominate and appoint **Nancy E. Erhart** to be my Personal Representative hereunder, to serve without bond. The term "Personal Representative" as used herein shall apply regardless of gender.

THIRD: Last Illness and Funeral Expenses; Powers of Personal Representative. I direct my Personal Representative to pay my last illness and funeral expenses. I authorize my Personal Representative to receive and retain any of my property; to sell, at public or private sale, encumber or lease any property of my estate without notice, at such prices and upon such terms as he deems best, and without the giving of any bond, subject, however, to such confirmation as may be required by law; to hold, manage and operate such property; to continue the operation of any business of my estate, alone or in partnership with others, for such times and in such manner as deemed advisable, or to sell or liquidate such business, and any such operation, sale or liquidation shall be at the risk of my estate and without liability on my Personal Representative for any losses resulting therefrom; to invest and reinvest surplus moneys in such investments as he deems advisable; to determine what is principal and what is income of my estate and to allocate and charge to either principal or income any debts, taxes and expenses of administration.

FOURTH: Distribution of All Property; Non Exercise of Power of Appointment. It is my intention by this Will to dispose of all of my property. I do not intend hereby to exercise any power of appointment that I may have arising from that Trust Agreement described hereinafter in Paragraph SIXTH.

FIFTH: Disposition of Personal Effects. Except as provided in any written instructions to my Personal Representative regarding the disposition of personal effects, I give any interest I may have in all personal automobiles, clothing, jewelry, china, silver, books, pictures and other works of art, household furniture and furnishings and all other items of domestic, household or personal use to the Trustee of that Trust Agreement described in Paragraph SIXTH. The bequests made by this paragraph shall be free and clear of estate and inheritance taxes, which I direct my Personal Representative to charge against the residue of my estate.

18

SIXTH:  Disposition of Residue of Estate.

(1) All the rest, residue and remainder of my estate, both real and personal and of whatever kind and wherever situated, I give, devise and bequeath to the individual or bank then acting as Trustee under that certain Trust Agreement designated as **The Mary E. Catron Revocable Living Trust**, signed earlier this day and bearing the same date as this Will, of which I am the Grantor and the Trustee, to be combined with the other assets of the trust and held, administered and distributed as a part of that trust, according to the terms thereof and any amendments made to it prior to my death.  It is my intent, if it be permissible, not to create a separate trust by this Will and not to subject **The Mary E. Catron Revocable Living Trust** or the property added to it by this Subparagraph (1) to the jurisdiction of the probate court.

(2) If for any reason the disposition in Subparagraph (1) is not operative or is invalid, or if the trust referred to in Subparagraph (1) fails or has been revoked, then I give the rest, residue and remainder of my estate to the individual or bank which would have been Trustee of such trust had such trust been operative, valid and unrevoked at my death, to be held, administered and distributed under the terms and conditions of **The Mary E. Catron Revocable Living Trust**, signed and dated the same day and bearing the same date as this Will, which trust is incorporated herein by reference.

(3) Anything else herein to the contrary notwithstanding, should any portion of such trust be terminable upon my death, the disposition made in this Paragraph SIXTH shall be made directly to the beneficiaries for whom the outright distribution from the trust shall be made, and the remainder which will remain in such trust, if any, shall pass into such trust under the provisions of Paragraph SIXTH (1) or (2), as the case may be.

(4) Should the Trustee of that trust described in Paragraph SIXTH (1) and (2) elect not to pay any or all of the estate, gift or inheritance taxes from such trust, then, to the extent they are not so paid, all taxes levied by the United States or any state, district, territory or possession thereof upon or because of any property passing under this Will or any Codicil thereto or by reason of any transfer or gift made by me during my lifetime or at my death, or which may be imposed by reason of my death, or the acquisition of property by any person upon my death by succession, inheritance, survivorship or otherwise, shall be paid out of the residue of my estate as an expense of administration.  My Personal Representative is authorized to accept any distributions from the Trustee of that trust described in Paragraph SIXTH (1) or (2) for purpose of such payment.

SEVENTH:   Omitted Heirs; Will Contests.   Except as otherwise specified in this Will, I have intentionally and with full knowledge omitted to provide for my heirs at the time of my death.  If any beneficiary under this Will or heir at law of mine or person claiming through any of them shall contest or otherwise challenge the validity of this Will or attack any of its provisions or the trust described in Paragraph SIXTH herein, directly or indirectly, any share or interest in my estate given to such person under this Will is hereby revoked, and such share or interest shall be distributed in the same manner provided herein as if such person had predeceased me.

19

EIGHTH:  Partial Invalidity.  Should any part, clause, provision or condition of this Will be held to be void, invalid or inoperative, then I direct that such invalidity shall not affect any other provision hereof, which shall be effective as though such invalid provisions had not been made.

IN TESTIMONY WHEREOF, I have subscribed my name to this my Last Will and Testament, consisting of three (3) typewritten pages, including this page, all in the presence of the persons witnessing it at my request on this ___7___ day of _February_, 2001, at **New Castle,** Indiana.

_Mary E. Catron_
**Mary E. Catron, Testatrix**

The foregoing instrument, consisting of three (3) typewritten pages, including this page, was signed, published and declared by Mary E. Catron, the Testatrix to be Testatrix's Last Will and Testament, in our presence.  We then signed at Testatrix's request and in Testatrix's presence, and in the presence of each other signed our names as witnesses to the same this ___7___ day of _February_, 2001.

WITNESS NAME AND ADDRESS

Witness Signature:  _Carol L. Souder_

Witness Name:  _Carol S. Souder_

Witness Address:

_811 E. C.R. 500 S._

_New Castle, In 47362_

WITNESS NAME AND ADDRESS

Witness Signature:  _Kay Larsen_

Witness Name:  _Kay Larsen_

Witness Address:

P.O. BOX 861215

INDIANAPOLIS, IN 46283-1215

20