UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BRADLEY ERHART,

    Plaintiff

v.

NANCY ERHART,

    Defendant.

Case No.: 1:21-cv-1829-TAB-TWP

## FIRST AMENDED COMPLAINT

Bradley Erhart files this Amended Complaint for damages against Defendant Nancy Erhart, and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Bradley Erhart is an individual and citizen of the State of Washington.

2. Nancy Erhart is an individual and citizen of the State of Indiana.

3. Nancy is Bradley's mother.

4. This Court has general personal jurisdiction over Nancy because she is a citizen of and domiciled in the State of Indiana.

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship amongst the parties and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Pursuant to 28 U.S.C. § 1391, venue is proper in this District because a substantial part of the events giving rise to this action occurred in this District, and a substantial part of the property that is the subject of this action is situated in this District.

## FACTUAL ALLEGATIONS

7. Mary E. Catron was Nancy's mother and Bradley's grandmother. She passed away on February 22, 2010.

8. Prior to her death, Mary Catron established the Mary E. Catron Revocable Living Trust, dated February 7, 2001 (the "Trust"), as amended, of which both Nancy and Bradley are beneficiaries. A true and accurate copy of the Trust is attached as Exhibit A.

9. Nancy has served as successor Trustee to the Trust since at least Mary Catron's death.

10. Mary Catron also executed a Last Will and Testament on February 7, 2001 (the "Will"), which directs her personal representative to bequeath her personal belongings and residue estate to the Trustee of the Trust, to be administered in accordance with the Trust's provisions. A true and accurate copy of the Will is attached as Exhibit B.

11. Nancy was also designated as Personal Representative in the Will.

12. In March 2010, Nancy filed a Petition for Probate of Self-Proved Will and No Administration in Henry Circuit Court 1, under cause number 33C01-1003-EM-000016.

**Trust Assets**

13. At the time of Mary Catron's death, she owned three parcels of land (collectively, the "Farmland"), one of which was held in the name of her Trust, and two which, upon information and belief, were held individually:

| OWNER | ADDRESS | PARCEL NO. |
|---|---|---|
| Mary E. Catron | 384 E. County Road 500 S Newcastle, IN 47362 | 33-17-02-000-405.000-007 |
| Nancy E. Erhart, Successor Trustee to the Mary E. Catron Revocable Living Trust | 384 E. County Road 500 S Newcastle, IN 47362 | 33-17-02-000-401.000-007 |
| Mary E. Catron | 384 E. County Road 500 S | 33-17-02-000-402.000-007 |

|  | Newcastle, IN 47362 |  |
|---|---|---|

14. The 2021 appraised value for the Farmland (for tax purposes) is in excess of $250,000.

15. Pursuant to the terms of her probated Will, the two parcels owned individually should have been transferred to the Trust. Upon information and belief, these two parcels have not been transferred to the Trust.

16. Mary Catron or her Trust also held bank accounts at Star Financial Bank.

17. There may have been additional probate or Trust assets, however no accounting was provided to Bradley.

18. Upon Mary Catron's death, the Trust assets were to be distributed as follows:

   a. First, Bradley, and his siblings Justin C. Erhart and Sarah E. Erhart, were each to receive specific gifts in the amount of $25,000. Trust Art. IV(C).

   b. Second, Randall Shelle was to receive the continuing right to share crop the Farmland as long as he desired, and profits from the farming were to be split 50/50 between Randall Shelle and Nancy. Trust Art. IV(C).

   c. Third, Nancy, Bradley, Sarah Erhart and Justin Erhart were each given the right to purchase the Farmland at fair market value. In the event the Farmland was sold, the proceeds were to be divided in one-fourth equal shares to Nancy, Bradley, Sarah Erhart and Justin Erhart. Trust Art. IV(C).

   d. Fourth, the residue of the Trust estate was to be distributed to Nancy. Trust Art. IV(D).

**Breaches of Fiduciary Duty**

19. After Mary Catron's passing, Nancy did not notify Bradley that he was a beneficiary of the Trust. She also failed to keep him reasonably informed about the administration of the Trust and his rights thereunder so that he could protect his interests.

20. In fact, Bradley only discovered he was a beneficiary through an inadvertent conversation with Nancy in June 2021.

21. Nancy's failure to inform Bradley of his rights under the Trust cost him the ability to purchase the Farmland at the fair market value at the time of Mary Catron's death. That property's value has substantially increased since then, and purchasing the property now would cost significantly more. Bradley also lost out on the profits from the sharecropping since 2010 had he purchased the property.

22. Nancy's omission was intentional. While the Farmland remained unsold, Nancy was entitled to half of the sharecropper proceeds.

23. Nancy also never paid Bradley the $25,000 specific gift he was entitled to receive under the Trust.

24. Instead, Nancy spent the Trust assets for her own personal benefit.

25. Shortly after finding out about the Trust, Bradley requested additional information from Nancy about the Trust and its assets. He also asked her for an accounting of how Trust assets were spent.

26. Nancy refused to provide Bradley with any accounting.

## CAUSES OF ACTION

### COUNT I
### Breach of Fiduciary Duty

27. Bradley incorporates by reference the allegations in the preceding paragraphs.

28. Indiana Code § 30-4-3-22 provides: "A beneficiary of a trust may maintain an action: (1) to compel the trustee to perform his duties; (2) to enjoin the trustee from committing an act which may be a breach of trust; (3) to compel the trustee to redress a breach of trust; or (4) to remove a trustee for cause and to appoint a successor."

29. As Trustee, Nancy was required to make specific gifts as designated in the Trust, including to pay $25,000 to Bradley.

30. Specific gifts must be paid before any assets flow to residuary beneficiaries.

31. Nancy's distribution of trust assets to herself prior to making the specific gift distribution to Bradley is a breach of her fiduciary duty to administer the Trust in accordance with its terms.

32. Nancy also failed to inform Bradley of the terms of the Trust and specifically of his right to purchase the Farmland for the market value at the time of Mary Catron's death.

33. Nancy's actions have damaged Bradley.

34. Because Nancy breached her fiduciary duty to benefit herself, she should be removed as trustee.

35. Nancy is personally liable for the loss or depreciation of the value of the Trust assets, any profit she has made as a result of the breach, and any reasonable profit that would have accrued on the Trust property absent her breach, including loss of sharecropper proceeds. Ind. Code § 30-4-3-11(b).

36. Nancy is also personally liable for Bradley's attorneys' fees incurred in bringing this action.  Ind. Code § 30-4-3-11(b)(4).

WHEREFORE, Bradley requests this Court (1) remove Nancy as trustee of the Trust and appoint a successor trustee; (2) direct the successor trustee to administer the trust in accordance with its terms, including collecting all of the Trust assets and making the specific distributions of cash provided for under the Trust; and (3) award Bradley his costs, damages to be determined, and attorneys' fees for Nancy's breach of her fiduciary duty in failing to adhere to the Trust's terms.

## COUNT II
### Breach of Duty to Avoid Self-Dealing

37. Bradley incorporates by reference the allegations in the preceding paragraphs.

38. Indiana Code § 30-4-3-5 governs conflicts of interest in the exercise of a Trustee's powers, and provides:

> If the duty of the trustee in the exercise of any power conflicts with the trustee's individual interest or the trustee's interest as trustee of another trust, the power may be exercised only under one (1) of the following circumstances: (1) The trustee receives court authorization to exercise the power with notice to interested persons as the court may direct. (2) The trustee gives notice of the proposed action in accordance with IC 30-2-14-16 and: (A) the trustee receives the written authorization of all interested persons to the proposed action within the period specified in the notice of the proposed action; or (B) a beneficiary objects to the proposed action within the period specified in the notice of the proposed action, but the trustee receives court authorization to exercise the power. (3) The exercise of the power is specifically authorized by the terms of the trust.

39. Nancy chose to keep the terms of the Trust secret from Bradley and specifically failed to disclose to Bradley his option to purchase the Farmland so that she could continue to receive sharecropping proceeds.

40. Nancy also kept Bradley's specific distribution of $25,000 from the Trust and used it for her own benefit.

41. Nancy did not receive the court's permission to do so nor did she give Bradley the requisite notice. The Trust also did not specifically authorize her to keep that information from Bradley or to use another beneficiaries' distribution as her own.

42. Nancy self-dealt by not distributing Trust assets and by failing to inform beneficiaries of their rights under the Trust.

43. Nancy's actions damaged Bradley.

WHEREFORE, Bradley requests this Court award him his costs, damages to be determined, and attorneys' fees for Nancy's self-dealing.

## COUNT III
### Breaches of Duties to Maintain Accurate Records, Keep Trust Property Separately, and Treat Beneficiaries Impartially

44. Bradley incorporates by reference the allegations in the preceding paragraphs.

45. Nancy, as Personal Representative of Mary Catron's Estate and Trustee of the Trust, had a duty to maintain accurate Trust records, keep trust property separate from her own, and treat beneficiaries impartially.

46. Nancy failed to keep records documenting her administration and distribution of the Trust's assets, and used the Trust's assets as her own in violation of Indiana Code § 30-4-3-6.

47. Nancy also treated the beneficiaries differently. For example, Nancy informed Sarah Erhart of her status as a beneficiary of the Trust but did not disclose this information to Bradley or inform him of his rights under the Trust.

48. Nancy's actions damaged Bradley.

WHEREFORE, Bradley requests this Court award him his costs, damages to be determined, and attorney fees for Nancy's breach of her duties to maintain accurate records, keep Trust property separately, and treat beneficiaries impartially.

## COUNT IV
### Breach of Duty to Inform

49. Bradley incorporates by reference the allegations in the preceding paragraphs.

50. Indiana Code § 30-4-3-6(a)(7) required Nancy keep the Trust beneficiaries reasonably informed about the administration of the Trust and of the material facts necessary for the beneficiaries to protect their interests.

51. Nancy failed to inform Bradley that he was a beneficiary of the Trust for more than a decade. Nancy also failed to keep Bradley informed about her administration of the Trust and her use of the Trust assets.

52. As a result of Nancy's omissions, Bradley was unable to protect his interests in the Trust, and was damaged.

53. As an example, the fair market value of the Farmland has increased since Mary Catron's death, meaning that Bradley would have to expend more money to exercise his right to purchase such Farmland.

WHEREFORE, Bradley requests this Court award him his costs, damages to be determined, and attorney fees against Nancy for her breaches of her duty to inform, including the right to purchase the Farmland at fair market value at the time of Mary Catron's death, or in the alternative, that Nancy be held liable for the difference in value.

### COUNT V
### Request for Accounting

54. Bradley incorporates by reference the allegations in the preceding paragraphs.

55. Indiana Code § 30-4-5-12(c) provides that upon petition by a beneficiary, the court may direct the trustee to file a verified written statement of accounts.

56. It is unclear what assets the Trust had upon Mary Catron's death and how those assets were administered or distributed by Nancy.

57. It is also unclear whether Nancy fulfilled her fiduciary obligations to transfer all probate assets to the Trust according to the terms of Mary Catron's probated will.

WHEREFORE, Bradley requests this Court order Nancy to provide a complete verified written statement of accounts for the Trust, beginning at the time Nancy became successor Trustee.

### RELIEF SOUGHT

Nancy is personally liable to Bradley for, among other things, any loss or depreciation in the value of the Trust property as a result of her breaches, any profit made by Nancy for the breaches, any reasonable profit which would have accrued on the Trust property in the absence of the breaches, and reasonable attorney's fees incurred by Bradley for bringing this action. Ind. Code § 30-4-3-11(b). Additionally, Bradley is

entitled to a lien against Nancy's individual property in the amount of the value of the property at the time of Nancy's commingling of assets. Ind. Code § 30-4-3-22(c)(2).

Bradley accordingly requests this Court enter an order in favor of Bradley and against Nancy on all counts, which (1) removes Nancy as trustee of the Trust and appoints a successor trustee; (2) directs the successor trustee to administer the Trust in accordance with its terms, including collecting all of the Trust assets and making the specific distributions of cash provided for under the Trust; (3) requires Nancy to provide a verified accounting for the Trust from the time she began serving as successor trustee; (4) awards Bradley his damages, prejudgment interest, costs, and attorneys' fees against Nancy for her breaches of fiduciary duty; and (5) provides for any other relief this Court deems just and proper.

Date: March 31, 2022

Respectfully submitted,

*/s/ Kimberly S. DalSanto*
Kimberly S. DalSanto, Atty. No. 32666-03
Sarah C. Jenkins, Atty. No. 26421-53
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN  46204
(317) 713-3500
kdalsanto@taftlaw.com
sjenkins@taftlaw.com

*Attorneys for Bradley Erhart*

```
```

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 31, 2022, the foregoing was filed electronically with the Court's ECF system and served upon all parties of record.

                                                  */s/ Kimberly S. DalSanto*