Exhibit B

# LAST WILL AND TESTAMENT

## OF

## MARY E. CATRON

SECTION 2

17

## LAST WILL AND TESTAMENT

## OF

## MARY E. CATRON

I, **Mary E. Catron**, a resident of the County of **Henry**, State of **Indiana**, being at least eighteen (18) years old and of sound mind, willfully and voluntarily do make and declare this to be my Last Will and Testament, and I revoke all my prior Wills and Codicils.

FIRST: Declaration Concerning Family. I declare that I am not married. **I have one (1) child of issue namely, Nancy E. Erhart.**

SECOND: Nomination and Appointment of Personal Representative. I hereby nominate and appoint **Nancy E. Erhart** to be my Personal Representative hereunder, to serve without bond. The term "Personal Representative" as used herein shall apply regardless of gender.

THIRD: Last Illness and Funeral Expenses; Powers of Personal Representative. I direct my Personal Representative to pay my last illness and funeral expenses. I authorize my Personal Representative to receive and retain any of my property; to sell, at public or private sale, encumber or lease any property of my estate without notice, at such prices and upon such terms as he deems best, and without the giving of any bond, subject, however, to such confirmation as may be required by law; to hold, manage and operate such property; to continue the operation of any business of my estate, alone or in partnership with others, for such times and in such manner as deemed advisable, or to sell or liquidate such business, and any such operation, sale or liquidation shall be at the risk of my estate and without liability on my Personal Representative for any losses resulting therefrom; to invest and reinvest surplus moneys in such investments as he deems advisable; to determine what is principal and what is income of my estate and to allocate and charge to either principal or income any debts, taxes and expenses of administration.

FOURTH: Distribution of All Property; Non Exercise of Power of Appointment. It is my intention by this Will to dispose of all of my property. I do not intend hereby to exercise any power of appointment that I may have arising from that Trust Agreement described hereinafter in Paragraph SIXTH.

FIFTH: Disposition of Personal Effects. Except as provided in any written instructions to my Personal Representative regarding the disposition of personal effects, I give any interest I may have in all personal automobiles, clothing, jewelry, china, silver, books, pictures and other works of art, household furniture and furnishings and all other items of domestic, household or personal use to the Trustee of that Trust Agreement described in Paragraph SIXTH. The bequests made by this paragraph shall be free and clear of estate and inheritance taxes, which I direct my Personal Representative to charge against the residue of my estate.

SIXTH: Disposition of Residue of Estate.

(1) All the rest, residue and remainder of my estate, both real and personal and of whatever kind and wherever situated, I give, devise and bequeath to the individual or bank then acting as Trustee under that certain Trust Agreement designated as **The Mary E. Catron Revocable Living Trust**, signed earlier this day and bearing the same date as this Will, of which I am the Grantor and the Trustee, to be combined with the other assets of the trust and held, administered and distributed as a part of that trust, according to the terms thereof and any amendments made to it prior to my death. It is my intent, if it be permissible, not to create a separate trust by this Will and not to subject **The Mary E. Catron Revocable Living Trust** or the property added to it by this Subparagraph (1) to the jurisdiction of the probate court.

(2) If for any reason the disposition in Subparagraph (1) is not operative or is invalid, or if the trust referred to in Subparagraph (1) fails or has been revoked, then I give the rest, residue and remainder of my estate to the individual or bank which would have been Trustee of such trust had such trust been operative, valid and unrevoked at my death, to be held, administered and distributed under the terms and conditions of **The Mary E. Catron Revocable Living Trust**, signed and dated the same day and bearing the same date as this Will, which trust is incorporated herein by reference.

(3) Anything else herein to the contrary notwithstanding, should any portion of such trust be terminable upon my death, the disposition made in this Paragraph SIXTH shall be made directly to the beneficiaries for whom the outright distribution from the trust shall be made, and the remainder which will remain in such trust, if any, shall pass into such trust under the provisions of Paragraph SIXTH (1) or (2), as the case may be.

(4) Should the Trustee of that trust described in Paragraph SIXTH (1) and (2) elect not to pay any or all of the estate, gift or inheritance taxes from such trust, then, to the extent they are not so paid, all taxes levied by the United States or any state, district, territory or possession thereof upon or because of any property passing under this Will or any Codicil thereto or by reason of any transfer or gift made by me during my lifetime or at my death, or which may be imposed by reason of my death, or the acquisition of property by any person upon my death by succession, inheritance, survivorship or otherwise, shall be paid out of the residue of my estate as an expense of administration. My Personal Representative is authorized to accept any distributions from the Trustee of that trust described in Paragraph SIXTH (1) or (2) for purpose of such payment.

SEVENTH: Omitted Heirs; Will Contests. Except as otherwise specified in this Will, I have intentionally and with full knowledge omitted to provide for my heirs at the time of my death. If any beneficiary under this Will or heir at law of mine or person claiming through any of them shall contest or otherwise challenge the validity of this Will or attack any of its provisions or the trust described in Paragraph SIXTH herein, directly or indirectly, any share or interest in my estate given to such person under this Will is hereby revoked, and such share or interest shall be distributed in the same manner provided herein as if such person had predeceased me.

EIGHTH: Partial Invalidity. Should any part, clause, provision or condition of this Will be held to be void, invalid or inoperative, then I direct that such invalidity shall not affect any other provision hereof, which shall be effective as though such invalid provisions had not been made.

IN TESTIMONY WHEREOF, I have subscribed my name to this my Last Will and Testament, consisting of three (3) typewritten pages, including this page, all in the presence of the persons witnessing it at my request on this ___7___ day of _February_, 2001, at **New Castle,** Indiana.

_Mary E. Catron_
Mary E. Catron, Testatrix

The foregoing instrument, consisting of three (3) typewritten pages, including this page, was signed, published and declared by Mary E. Catron, the Testatrix to be Testatrix's Last Will and Testament, in our presence. We then signed at Testatrix's request and in Testatrix's presence, and in the presence of each other signed our names as witnesses to the same this ___7___ day of _February_, 2001.

WITNESS NAME AND ADDRESS
Witness Signature: _Carol L. Souder_
Witness Name: Carol S. Souder
Witness Address:
811 E. C.R. 500 S.
New Castle, In 47362

WITNESS NAME AND ADDRESS
Witness Signature: _Kay Larsen_
Witness Name: Kay Larsen
Witness Address:
P.O. BOX 661218
INDIANAPOLIS, IN 46000-1010

20